**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Garvin Dale WHITE,
Defendant-Appellant.**

**No. 84–4081.**

United States Court of Appeals,
Fifth Circuit.

Nov. 23, 1984.

Roy Steven Payne, Shreveport, La. (Court-appointed), for defendant-appellant.

Joseph S. Cage, Jr., U.S. Atty., D.H. Perkins, Jr., Asst. U.S. Atty., Shreveport, La., for plaintiff-appellee.

Before GARZA, REAVLEY, and JOHNSON, Circuit Judges.

GARZA, Circuit Judge:

Garvin Dale White ("defendant") was previously convicted of the crime of unlawfully and wilfully escaping from the custody of a United States Marshal in violation of 18 U.S.C. § 751. That conviction was reversed by a panel of this court, which found that an actual conflict of interest existed between the defendant and his counsel in that case and that the defendant had not knowingly and voluntarily waived the conflict. *United States v. White*, 706 F.2d 506 (5th Cir.1983) (per Tuttle, J.). A second trial was held in which the court convicted the defendant on the escape count and imposed an enhanced sentence pursuant to 18 U.S.C. § 3575. ("Section 3575"). In this appeal, the defendant challenges both the conviction for escape and the imposition of an enhanced sentence in that second trial. For the reasons stated below, we affirm the judgment of the United States District Court for the Western District of Louisiana in all respects.

## I.

The pertinent facts can be stated briefly. In the first trial, the government filed timely a notice of intent to seek an enhanced sentence and served a copy of the notice on the defendant. The defendant was then tried for escape before the Honorable Tom Stagg, United States District Judge for the Western District of Louisiana, a jury trial having previously been waived. The court found the defendant guilty and imposed on him an enhanced sentence of twelve and one-half years pursuant to Section 3575.

After this first conviction was reversed, the case was retried before the Honorable Earl E. Veron, United States District Judge for the Western District of Louisiana. Before the trial, the court below was aware from reading the slip opinion of this court reversing the defendant's first conviction that the defendant had received a sentence of twelve and one-half years. Since the court was also aware that the maximum

sentence for escape is usually five years, he deduced that the defendant had received some sort of an enhanced sentence in the first trial. Nonetheless, the court had not been informed specifically that the government had again filed a timely notice to seek an enhanced sentence, and, in fact, that notice had been previously sealed by order of a member of this court as allowed in Section 3575(a). The new notice was not served on the defendant although he was notified orally before trial of the government's intent. The defendant was again tried and again convicted before the court.

In spite of the fact that the court had reason to suspect before trial that the government would seek an enhanced sentence in this case, he held that he nonetheless had the power to impose an enhanced sentence. The court found that the defendant had been convicted of several prior felonies: one for possession of marijuana with intent to distribute in 1979, one for felony transportation of marijuana in 1978, one for nine felony counts, eight involving drugs, in 1970, and one for felony bribery in 1970. The court also found that the defendant had been a parole violater in 1974. These findings, coupled with the finding that the defendant was dangerous, led the court to impose an enhanced sentence of twelve and one-half years.

## II.

■ The defendant first urges that he was deprived of his right to a fair trial. This argument is based on the fact that the judge in the second trial was aware that the defendant had received an enhanced sentence as a dangerous special offender in the first trial. The defendant argues that this knowledge, acquired from the judge's reading of the Fifth Circuit slip opinion in the first trial, made it impossible for the second trial judge to render an impartial judgment. Accordingly, the defendant seeks a reversal of the conviction and a

new trial or, alternatively, the vacating of the enhanced portion of his sentence.

In support of this argument, the defendant cites our decision in *United States v. Bailey*, 537 F.2d 845 (5th Cir.1976), *cert. denied*, 429 U.S. 1051, 97 S.Ct. 764, 50 L.Ed.2d 767 (1977). In *Bailey*, we held that where the government informed the trial judge, prior to a finding as to the defendant's guilt, of its intent to seek an enhanced sentence under Section 3575, the trial court could not subsequently impose an enhanced sentence. We noted that Section 3575's prohibition against disclosure to the trial judge of the government's intent is, at best, anomalous.[1] Nonetheless, reading the plain language of Section 3575 to require that the government not inform the trial judge of its intent to seek an enhanced sentence until after a determination of guilt, we felt compelled to vacate the enhanced portion of the sentence in that case. 537 F.2d at 849. *Bailey's* conviction itself was left undisturbed.

*Bailey* simply does not require either the reversal of the conviction or the vacating of the enhanced sentence on these facts. In *Bailey*, the government lawyer announced in open court that an enhanced sentence was being sought. *Id.* at 847. Here, the trial court learned only that an enhanced sentence had been sought in the first trial, and the court acquired that information not from the government, but from a routine reading of Fifth Circuit slip opinions. Section 3575 provides that the allegation that a defendant is a dangerous special offender shall not "be disclosed" to the jury or presiding judge prior to a determination of guilt. The context makes clear that the prohibition is against disclosure by or at the behest of the government. Section 3575 is therefore not violated when the trial court *learns* of the government's intent to seek enhancement in spite of the government's cautious compliance with the provision's requirements.[1a]

---

1. *See also* 537 F.2d at 849. ("[Section 3575] is hopelessly quixotic and incoherent in terms of the policies which it ostensibly furthers.") (Gee, J., concurring).

1a. The case at bar involves a case in which the court, acting as a trier of fact, learned of a Section 3575 notice in spite of the government's compliance with that section's provisions. *Bail-*

This reading of Section 3575 is also consistent with common sense. If this trial court is powerless to impose an enhanced sentence on this defendant, then every trial court in the Fifth Circuit that diligently reviews our opinions is similarly powerless. We do not believe that the defendant should be forever immune to an enhanced sentence in this case merely because this court has previously published an opinion granting him a new trial. Accordingly, we find no merit in the defendant's first alleged error.

### III.

■ The defendant's second argument centers on the fact that he was not formally served with notice of the government's intent to seek an enhanced sentence, urging that all written notices must be served pursuant to Federal Rule of Criminal Procedure 49. While it would clearly be the preferred practice for the government to serve this notice formally, Section 3575 does not require this step as a part of the ritual required of the government in order to empower a trial court to impose an enhanced sentence. Therefore, the principle that the provisions of Section 3575 must be punctiliously adhered to by the government in order to permit an enhanced sentence is not implicated. *See Bailey*, 537 F.2d at 849; *see also United States v. Noland*, 495 F.2d 529, 533 (5th Cir.), *cert. denied*, 419 U.S. 966, 95 S.Ct. 228, 42 L.Ed.2d 181 (1974) (construing a similar provision in 21 U.S.C. § 851).

■ In the absence of formal service of the notice, the government must show that the defendant received actual and adequate notice of its intent to seek an enhanced sentence. *Cf.* 4 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1074 (1969). The defendant admits that he received, in advance of the trial, oral notice that the government intended to invoke Section 3575. Moreover, he concedes that in spite of this oral notice, he did not attempt to procure a copy of this notice from the clerk, as Section 3575(a) explicitly entitles him to do, until the day before sentencing. He presumably failed to do so because of his belief that the government would rely on the same facts that it had asserted in the notice to seek enhancement filed in the first trial, a document of which he had long had a copy. In fact, the defendant admits that the notice he eventually obtained from the government's attorney one day before the sentencing was basically identical to the notice he had received in the earlier trial. That he received actual and adequate notice of the government's intent to seek an enhanced sentence is further demonstrated by his failure to ask for a continuance upon seeing the actual government notice. The defendant had actual, adequate notice of the government's intent to seek an enhanced sentence, as well as the particular grounds on which the government would rely.

### IV.

■ Finally, the defendant urges that the trial court did not make the findings necessary to allow an enhanced sentence under Section 3575(e)(1).[2] In particular,

*ey* involved a situation in which the government had improperly informed the court of the filing of the Section 3575 notice, but in a case in which the court was not acting as a factfinder. Therefore, both *Bailey* and the case at bar should be distinguished from the situation where the trier of fact, whether a court or a jury, is informed by the government of the Section 3575 notice prior to a determination of guilt or innocence. Under these circumstances, both the enhanced sentence and conviction itself might well be subject to reversal.

**2.** That section provides:

(e) A defendant is a special offender for purposes of this section if—

(1) A defendant has previously been convicted in courts of the United States, a State, the District of Columbia, the Commonwealth of Puerto Rico, a territory or possession of the United States, any political subdivision, or any department, agency, or instrumentality thereof for two or more offenses committed on occasions different from one another and from such felony and punishable in such courts by death or imprisonment in excess of one year, for one or more of such convictions the defendant has been imprisoned prior to the commission of such felony, and less than

the defendant first asserts that there has been no finding by the trial judge that the defendant has ever been imprisoned. This argument is nothing less than disingenuous in view of the defendant's extensive criminal record and the fact that his most recent conviction was for escape from federal custody. Moreover, the presentence report amply demonstrates that defendant has previously been incarcerated, as does the court's colloquy with defense counsel on the record. Although the trial court did not make an explicit finding as to prior imprisonment, the court did find that the defendant had his parole revoked in 1974. The defendant had obviously been imprisoned if he had been paroled. That finding sufficiently demonstrates the trial court's determination of prior imprisonment and, therefore, special offender status under Section 3575(e)(1).[3]

■ The defendant next argues that the trial court did not state with particularity the reasons for its finding that the defendant was dangerous. Section 3575(f) defines a dangerous defendant as one for whom "a period of confinement longer than that provided for such felony is required for the protection of the public from further criminal conduct by the defendant." The trial court below explicitly found that the defendant completely lacked respect for the law and that he is not subject to rehabilitation. That finding is supported by the overwhelming evidence adduced at the sentencing and clearly satisfies Section 3575(f).

■ The defendant next urges that the trial judge failed to give any reasons for his choosing the twelve and one-half year sentence and that the sentence is unjustified in that previous convictions assure that the defendant will be imprisoned for the next twenty years. That assertion lacks merit. First, we attach no significance to the fact that the defendant already has time to serve, as that time has so far failed to deter the defendant from engaging in criminal conduct. Second, we find that the court below clearly indicated that he felt the defendant's record merited a tough sentence; he arrived at the twelve and one-half year figure only because he felt he could not legally impose a harsher sentence than the judge in the first trial. Moreover, a multiplier of two and one-half times the sentence of the felony itself is amply justified in a case where the trial court finds that a defendant utterly lacks respect for the law and is completely indisposed to rehabilitation. The twelve and one-half year sentence was adequately explained by the court below and clearly not disproportionate to the sentence for the underlying felony.

### V.

In conclusion, we have considered all of the defendant's contentions and find them without merit. The defendant's judgment of conviction is

AFFIRMED.

---

five years have elapsed between the commission of such felony and either the defendant's release, on parole or otherwise, from imprisonment for one such conviction or his commission of the last such previous offense or another offense punishable by death or imprisonment in excess of one year under applicable laws of the United States, a State, the District of Columbia, the Commonwealth of Puerto Rico, a territory or possession of the United States, any political subdivision, or any department, agency or instrumentality thereof;

3. The defendant also challenges the adequacy of the trial court's finding of special offender status under Section 3575(e)(2), as well as that provision's constitutionality. In view of our sustaining the trial court under Section 3575(e)(1), we need not reach these issues.