**UNITED STATES of America**

v.

**Gerard T. OUIMETTE.**

**Crim. No. 85–014B.**

United States District Court,
D. Rhode Island.

May 17, 1985.

Edwin J. Gale, Sp. Atty., U.S. Dept. of Justice, Providence, R.I., for U.S.

Paul J. DiMaio, Providence, R.I., William M. Kunstler, New York City, for defendant.

## OPINION

FRANCIS J. BOYLE, Chief Judge.

Pending a new trial, Defendant has moved that this Court (1) disqualify itself and any other federal district judge who knows of the dangerous special offender proceeding which took place during the original trial, as well as alternatively, (2) dismiss the superceding indictment against the Defendant, or (3) issue a declaratory judgment precluding enhancement of Defendant's sentence if he is convicted on retrial, or (4) change the venue of trial.

### I

Defendant Ouimette was indicted on September 29, 1983 for violating two federal laws: 18 U.S.C. § 922(h), which makes it unlawful for a convicted felon to receive a firearm which has been transported in interstate commerce, and 18 U.S.C. § 922(k), which makes it unlawful for a person knowingly to receive in interstate commerce any firearm which has had its serial number removed, obliterated or altered.

Prior to the trial, on November 21, 1983, the Government filed a notice with this judge that it believed the Defendant to be a dangerous special offender under the provisions of 18 U.S.C. § 3575 (1982). That statute provides for an increased sentence for such dangerous special offenders. *See id.* In compliance with the mandates of section 3575(a), the notice was not disclosed to the trial judge until after the verdict was received. The Defendant was found guilty on both counts of the indictment by a jury on February 10, 1984.

The trial judge then held a hearing on the issue of whether Defendant Ouimette was a dangerous special offender. On June 28, 1984 the trial judge found Ouimette to be a dangerous special offender, and sentenced him to nine years imprisonment on each of the two counts, to run consecutively.

On July 5, 1984 the Defendant appealed his conviction on the ground that both the exclusion of certain defense testimony, and the failure to sever the two counts of the indictment was improper. *See United States v. Ouimette*, 753 F.2d 188, 189 (1st Cir.1985). The defendant also challenged the sentencing procedure, claiming, *inter alia*, that the dangerous special offender sentence should be vacated because the Government did not follow the notice requirements of the statute. *Id.* at 193. The First Circuit Court of Appeals reversed the District Court's evidentiary ruling, and remanded the case for a new trial. *Id.* at 194. The Circuit Court did not rule on the dangerous special offender issue, merely stating "We assume that the government will carefully follow the notice requirements of the Dangerous Special Offender Statute the next time around so there is no need to consider this issue." *Id.*

On remand, the case was randomly assigned to this judge. On March 21, 1985 a federal grand jury returned a two-count indictment of the Defendant identical to the original indictment upon which the Defendant was tried and convicted. The original indictment then was dismissed on March 22, 1985.

Defendant Ouimette now moves that this Court disqualify itself as well as any other federal district judge who knows that the Government filed a dangerous special offender notice prior to the original trial of this case. He contends that 18 U.S.C. § 3575 requires that a judge who presides over any aspect of a criminal prosecution have no knowledge of whether or not a dangerous special offender notice was filed against a defendant. He argues that it will be obvious to any judge who knows of the

prior notice that a similar notice will be filed in the instant case.

Furthermore, Defendant has moved to dismiss the superceding indictment on the basis that he cannot obtain a fair trial. He reasons that since the dangerous special offender proceedings in the original trial are referred to by the First Circuit Court of Appeals in its opinion, which has been published in the *Federal Reporter 2d* series, every United States District Judge potentially is privy to this information. Thus, in the Defendant's view, he will be subject to possible prejudice at a trial presided over by any district judge.

If his motion to dismiss is denied, the Defendant has requested relief in the alternative. He asks the Court to issue a declaratory judgment that he cannot be sentenced under 18 U.S.C. § 3575 as a dangerous special offender if he is convicted after a trial on the superceding indictment. The alternative relief for which the Defendant has moved, if his declaratory judgment motion fails, is that the venue of the trial be changed to a district preferably outside the First Circuit and that a judge in that district preside over his trial. Defendant reasons that a trial judge within the First Circuit is more likely to be aware of the prior dangerous special offender proceeding than a district judge in another circuit because copies of all First Circuit opinions are routinely circulated to all District Judges in the First Circuit.

The Government has objected to all of the Defendant's motions, with a limited exception. The Government does agree with Defendant's contention that this Judge should not preside over Defendant's new trial, since this Judge received the dangerous special offender notice which was filed before the initial trial.[1] It notes, however, that since Defendant Ouimette has been reindicted, none of the prior proceedings pursuant to section 3575 apply here. It contends that a judge cannot know whether a dangerous special offender

notice will be, or has been, filed in the instant case.

## II

Section 3575 of Title 18 empowers a judge to sentence a dangerous special offender to up to twenty-five years of imprisonment. A "special offender" is defined as a defendant who has committed a federal felony and who previously has been convicted, in either federal, state or territorial courts, of two or more felonies committed on different occasions, with the Defendant having been imprisoned for one such felony. 18 U.S.C. § 3575(e)(1). The defendant has to have committed the federal felony within five years of being released from imprisonment for a prior felony, or of committing a prior felony. *Id.* Such a special offender is considered "dangerous" if a longer period of confinement than the law provides for the federal felony just committed is required in order to protect the public from further criminal conduct by that defendant. *Id.* at § 3575(f).

In order for a defendant to be sentenced as a dangerous special offender, the prosecutor must sign and file with the court, a reasonable time before trial, a notice setting forth the prosecutor's belief that the defendant is a dangerous special offender and the basis for this belief (hereinafter referred to as a "dangerous special offender notice"). *Id.* at § 3575(a). The statute provides that:

> In no case shall the fact that the defendant is alleged to be a dangerous special offender be an issue upon the trial of such felony, be disclosed to the jury, or be disclosed before any plea of guilty or nolo contendere or verdict or finding of guilty to the presiding judge without the consent of the parties.

*Id.* The rationale for prohibiting the disclosure of the notice is "to assure that the filing of the notice will not prejudice the jury or the court against the defendant before the determination of his guilt or

---

1. The Government does not explain why it considers that a judge with whom the notice was filed is especially disqualified *vis a vis* a judge who otherwise has knowledge of the Government's filing.

innocence." H.R.Rep. No. 1549, 91st Cong., 2d Sess., *reprinted in* 1970 U.S. Code Cong. & Ad.News 4007, 4037.

In the cases which have arisen since the passage of section 3575, the courts invariably have held that where the prosecution informs the presiding judge, without the defense's consent, that it has filed a dangerous special offender notice, the defendant cannot be given an enhanced sentence. *United States v. Bailey,* 537 F.2d 845, 849 (5th Cir.1976) (oral representation by prosecution to presiding judge that notice filed), *cert. denied,* 429 U.S. 1051, 97 S.Ct. 764, 50 L.Ed.2d 767 (1977); *United States v. Tramunti,* 377 F.Supp. 6, 10 (S.D.N.Y.1974) (filing of notice with presiding judge pursuant to similar statute providing for enhanced sentences for certain drug offenders), *modified on other grounds,* 513 F.2d 1087 (2d Cir.1975).

There have been two rulings to date where a court has held that a trial judge's knowledge of the filing of a dangerous special offender notice in the case will not preclude the imposition of an enhanced sentence, both in the same case. In the first, the disclosure of the notice was made by the defendant's counsel. *United States v. White,* 706 F.2d 506, 510 (5th Cir.1983) (dicta). The second instance, which involved an appeal of issues arising during the retrial of the first case, is the only reported case which specifically has addressed the issue before this Court: whether a defendant who successfully appeals his conviction and obtains a new trial, after being sentenced as a dangerous special offender at his original trial, can be noticed and sentenced as a dangerous special offender in the second trial, and if so, under what conditions. *See United States v. White,* 748 F.2d 257, 259–60 (5th Cir.1984).[2] There the Fifth Circuit Court of Appeals held that a judge who was aware, from reading an appellate court opinion in the case, that a defendant had received an enhanced sentence as a dangerous special offender in the first trial may preside over the defendant's second trial. *Id.* at 259–60. The court also held that, upon the defendant's conviction, the judge may impose an enhanced sentence upon him. *Id.* at 260.

In *United States v. White* the defendant's conviction was reversed on appeal because of a conflict of interest between the defendant and his counsel which had not been knowingly and voluntarily waived. 748 F.2d at 258. The case was retried in a jury-waived trial before a second judge in the same district in which the first trial had taken place. *Id.* Although the government filed a dangerous special offender notice prior to the second trial, the court was not specifically informed of the fact. *Id.* at 259. This judge was aware, from reading the appellate court opinion, that the defendant had been found to be a dangerous special offender and had received an enhanced sentence after the first trial. *Id.* at 258–59. The second trial resulted in a conviction; the court subsequently found the defendant to be a dangerous special offender and imposed an enhanced sentence upon him. *Id.* at 259.

The defendant appealed his conviction, claiming he was deprived of his right to a fair trial because the judge in the second trial was aware he had been sentenced as a dangerous special offender in the prior trial. *Id.* at 259. The Court of Appeals for the Fifth Circuit held the defendant was not entitled to relief because the context of section 3575 makes it clear that the prohibition is against disclosure "by or at the behest of the government." *Id.* The court held the statute's mandate was not violated when the trial court learned of the government's intent to seek enhancement not from the government, but from a routine reading of the Fifth Circuit opinions. *Id.* The court reasoned that if the court which heard the second trial could not impose an enhanced sentence upon the defendant, then no trial court within the confines of the Fifth Circuit which habitually read the Fifth Circuit Court's opinions could impose

---

**2.** Defendant makes much of the court's language in *United States v. Bailey,* 537 F.2d 845, 847–49 (5th Cir.1976), but makes no reference to *United States v. White, supra,* decided by the Fifth Circuit eight years thereafter. *White* distinguishes *Bailey.* 748 F.2d at 259.

such a sentence. *Id.* at 260. It held that a defendant should not be immune from an enhanced sentence merely because the appellate court published an opinion granting him a new trial. *Id.*

### III

This Court first will address Defendant Ouimette's disqualification motion as it relates to disqualifying this Court from hearing the motions before it at this time.

■ The Court declines to disqualify itself from deciding these motions for two reasons. The first is that the statute at issue, 18 U.S.C. § 3575 (1982), does not prevent even a judge with knowledge of an *ongoing* dangerous special offender proceeding from hearing pretrial motions in the case. The language which prefaces the statutory prohibition against disclosure of the dangerous special offender allegation limits the effect of the statute to those circumstances occurring *"upon the trial of such felony."* *Id.* at § 3575(a) (emphasis added). Congress demonstrated that it was concerned only with the knowledge of the judge who presides over the actual trial of the felony. Thus the statute's mandates certainly do not preclude this Court, who has no knowledge of whether a new dangerous special offender notice has been filed, from considering these pretrial motions.

Secondly, a disqualification from deciding the instant motions would serve no useful purpose. The crux of Defendant's argument in making these motions is that he is entitled to relief because of the dangerous special offender proceeding which occurred during his first trial and presumed judicial knowledge of the proceeding. In order to argue the instant motions as currently framed, the Defendant will have to reveal to any judge who hears these motions that the Government filed a dangerous special offender notice before his first trial and that he was found to be such an offender. Hence, any judge must be apprised of the same facts which the Defendant argues mandate disqualification of this Court.

### IV

In considering the remaining motions the Court notes, from the outset, that their filing may be premature. Arguably, several prerequisites must be met before an issue is presented as to whether the Defendant can be properly convicted and an enhanced sentence imposed upon him after a trial presided over by a judge with knowledge of the prior dangerous special offender proceeding. The prerequisites are that (1) the Defendant must be convicted, after trial, upon a felony charge; (2) the Government must have filed a timely and adequate dangerous special offender notice prior to the trial; (3) the trial judge must determine that the Defendant is a dangerous special offender; and (4) the trial judge must impose an enhanced sentence upon the Defendant. This Court cannot unquestioningly assume, no matter how likely the fact, that because the Government filed a dangerous special offender notice before the initial trial, a second notice also will be filed before a new trial. While the likelihood of a second filing cannot be minimized, whether it is an accomplished fact is not, and cannot, be known by the Court at this time.

The Court will address together Defendant's motions that the Court either dismiss the superceding indictment or issue a declaratory judgment precluding enhancement of Defendant's sentence if he is convicted upon retrial. The Defendant claims that the provision of 18 U.S.C. § 3575 which precludes the presiding trial judge from knowing of a dangerous special offender allegation until after the jury reaches a guilty verdict falls within the bounds of the constitutional right to due process, and that as a constitutional right, it cannot be waived. He thus argues that since he cannot be guaranteed a judge without knowledge of the prior dangerous special offender proceeding, the indictment must be dismissed, or at a minimum, enhancement of any sentence he might receive must be precluded.

■ The Defendant's contentions are flawed. The right to concealment of the dangerous special offender allegation is not based upon the constitutional guarantee to due process. Rather, this right is a statutory right created by Congress in 1970 as part of a scheme to allow for increased sentences for dangerous special offenders. *See* H.R.Rep. No. 1549, 91st Cong., 2d Sess., *reprinted in* 1970 U.S.Code Cong. & Ad.News 4007, 4036.

■ The right delineated by the statute is a limited one. It is limited in time, because in a jury case the right exists only until a verdict of guilty is reached. *See* 18 U.S.C. § 3575(a). Moreover, the very existence of the right is limited by the fact it can be waived; if both a defendant and the government agree, the dangerous special offender allegation can be revealed to the presiding judge either before or during trial. *See id.*

■ The fact that a defendant has a right to keep the filing of a dangerous special offender notice secret from the presiding judge does not mean that a judge cannot anticipate such a filing. Since a defendant must have been convicted of two prior felonies in order to qualify as a dangerous special offender, a judge who knows the nature of a defendant's prior criminal record may well be able to predict whether the government has filed such a notice. There is neither a constitutional nor any generalized statutory prohibition against a judge who has knowledge of a criminal defendant's background from earlier judicial proceedings presiding over that defendant's trial. *See United States v. Cowden*, 545 F.2d 257, 265–66 (1st Cir. 1976), *cert. denied*, 430 U.S. 909, 97 S.Ct. 1181, 51 L.Ed.2d 585 (1977); *Smith v. United States*, 360 F.2d 590, 592 (5th Cir. 1966); *Cox v. United States*, 309 F.2d 614, 619–20 (8th Cir.1962). "[T]he judicial system could not function if judges could deal but once in their lifetime with a given defendant." *United States v. Cowden*, 545 F.2d at 266.

The judge may learn of a defendant's prior criminal record from a variety of sources. For instance, when a review is requested of a magistrate's bail decision during which the judge considers the defendant's prior criminal record, the judge obviously becomes aware of the contents of that record. Furthermore, when a motion in limine is made by a defendant in an attempt to prevent the introduction of any prior convictions in the event the defendant chooses to testify, the judge is informed of the convictions which the defendant is attempting to exclude. In addition, if a defendant decides not to testify in a situation where it apparently is appropriate for such testimony, a judge can surmise, among other possibilities, that the choice was made to avoid the revelation of the defendant's prior record. Finally, when the courtroom security is tighter than usual during the trial, the judge easily can deduce that the defendant has been found to be dangerous in the past.

In the instant case, this Court is fully aware of the fact that Defendant Ouimette has a prior criminal record, and of that record's nature, from several sources. This Court presided over a trial, in November of 1982, where Defendant Ouimette was charged with assaulting a federal officer. *United States v. Ouimette*, C.R. No. 82–0063. In the course of the trial, the Court was requested to rule upon the admissibility of Defendant's prior convictions. This ruling was made only after reviewing the pertinent portions of Defendant's criminal record.

Then in September of 1983 the Court participated in the trial of *Ouimette v. E.F. Hutton & Company*, C.A. No. 80–0323. That civil suit concerned the allegedly illegal sale of stock. There Ouimette moved in limine that E.F. Hutton be prevented from questioning Ouimette as to his prior convictions or making any reference to those convictions. As a result, the Court heard arguments upon, as well as reviewed, those convictions which the defendant proposed to use at trial.

In addition, when Defendant Ouimette was denied bail by Magistrate Frederick R. DeCesaris once the Defendant's conviction

was reversed by the First Circuit Court of Appeals, the Defendant asked that this denial be reviewed by this Court. The Court reviewed the Defendant's prior criminal record before finding the Defendant to be a danger to the community and denying him bail.

As the Defendant's past offenses are numerous, and range in severity from armed robbery to assault upon a policeman to conspiracy to murder, only the most naive would not reach the conclusion that a dangerous special offender proceeding most likely would be pursued by the prosecution in this case.

Even if, as Defendant claims, the right to a trial presided at by a judge who knows nothing of the prior dangerous special offender proceeding rises to constitutional dimensions, an argument upon which this Court remains unconvinced, "the Constitution does not ... always forbid requiring him to choose" between rights. *McGautha v. California,* 402 U.S. 183, 213, 91 S.Ct. 1454, 1470, 28 L.Ed.2d 711 (1971) (defendant's constitutional right to due process not violated by requirement that if he chose to assert his right against self-incrimination by remaining silent on the issue of guilt at a unitary trial, he surrendered any chance to plead his case on the issue of punishment). "The criminal process ... is replete with situations requiring 'the making of difficult judgments' as to which course to follow," *id.* (citation omitted), and this is one of them.

■ In the case before the Court, the Defendant has waived his statutory protection by challenging his sentencing as a dangerous special offender in an appeal to the First Circuit. The Defendant cannot now claim that because the appellate court complied with his request that it address the validity of his dangerous special offender status, the Government is precluded from reindicting and prosecuting him.

■ Such a preclusion as Defendant seeks would have broad ramifications. It would mean that any dangerous special offender who pursues an appeal based upon both trial error and the dangerous special offender finding, and whose appeal has sufficient merit to warrant a reversal and remand by the appellate court, could no longer be prosecuted to the full extent of federal law for that offense. If the relief given this Defendant is a dismissal of the indictment, then no new trial could take place; if the desired injunctive relief was granted, then this Defendant could not be sentenced as a dangerous special offender.

When Congress provided a mechanism for imposing an enhanced sentence upon repeat offenders, it hardly could have been condoning such a outcome. The Defendant is entitled to the protections of section 3575(a) only so long as he keeps the dangerous special offender proceeding secret; once the Defendant assists in publicizing the fact that such a proceeding took place, he cannot be allowed to use that publication to prevent his prosecution. *Cf. United States v. White,* 706 F.2d 506, 510 (5th Cir.1983).

## V

The final matter upon which the Court must rule is the Defendant's motions that this Court disqualify itself and any other federal district judge with knowledge of the prior dangerous special offender proceeding from presiding over the new trial of this case, and that this action's venue be changed.

■ Section 3575(a) makes no mention of the procedure which is to be followed if a new trial is ordered after a defendant has been sentenced as a dangerous special offender in the initial trial. Congress has mandated, though, that the presiding judge be unaware of whether a dangerous special offender notice has been filed in the case before the judge until after a jury verdict is reached. 18 U.S.C. § 3575(a) (1982). Moreover, as already indicated, it is reasonable to expect that a defendant who was noticed and found to be a dangerous special offender in the first trial, and sentenced on that basis also will be noticed as one before the second trial. In light of these findings, and the further consideration that both the

Defendant and the Government have so requested, this Court will disqualify itself from presiding over the trial of the case. The circumstances of this matter are so completely unique that recusal is appropriate. The perception of justice is as important as the existence of justice and although this Court is satisfied no injustice would result, failure to comply with Congressional policy might be perceived as injustice.

In what well may be an overabundance of caution, because of the lack of precedent in this Circuit this Court will deviate from the path marked by the Fifth Circuit in *United States v. White*, 748 F.2d 257 (5th Cir.1984). Rather than referring this case to the remaining sitting judge in this District, the Court will follow a plan of action which attempts to assure, but cannot guarantee, that the Defendant is tried by a judge without knowledge of the prior proceeding, regardless of the source of that judge's knowledge.

Since the slip opinions of the First Circuit Court of Appeals are routinely distributed to the district courts within the Circuit, presumably every trial judge within the Circuit is aware of the Defendant's prior dangerous special offender proceeding. Thus this Court will request that the Chief Judge of the First Circuit, Chief Judge Levin H. Campbell, arrange for a federal district judge from another circuit to preside over Defendant's new trial. In an effort to avoid disclosure of the prior dangerous special offender proceeding, the designated trial judge will be told that the reason why that judge is needed to preside over Defendant's trial cannot be revealed until after the trial. This judge will be provided with a case file which has been sanitized so as to delete any reference to the prior dangerous special offender proceeding, including this opinion. The file will include the opinion of the First Circuit Court of Appeals in this case, with the section of that opinion marked "III. THE SENTENCING" deleted (pages 12 to 13 of the slip opinion). Hopefully by following the within protocol, the appearance of any possible bias by the new trial judge will be avoided.

Finally, this Court will order that the venue of this case be changed to that district in which the designated trial judge sits, so that any publicity about the Defendant's new trial which traces the case's history will not taint the presiding judge. By ordering such a transfer, Congress' expressed policies best can be carried out.

For the foregoing reasons, Defendant's motion that this Court disqualify itself from presiding over the trial is granted, while Defendant's motion to dismiss the superceding indictment and his motion that this Court issue a declaratory judgment precluding sentence enhancement are denied. Defendant's motion that a federal district judge from outside the First Circuit be appointed to preside over his new trial is granted conditioned upon the designation of such a judge by Chief Judge Campbell of the First Circuit Court of Appeals. The venue will be changed to the district within which that appointed judge sits.

SO ORDERED.