833 F.2d 1014
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
William SIMMONS, Defendant-Appellee.
 No. 87-1033.
 United States Court of Appeals, Sixth Circuit.
 Nov. 24, 1987.
 
 Before NATHANIEL R. JONES, RALPH B. GUY, Jr., and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 The government appeals from the district court's dismissal of proceedings in which the government sought to have defendant sentenced as a dangerous special offender (DSO). 18 U.S.C. Sec. 3575.[1] The district court dismissed the proceedings because the trial judge concluded that the defendant did not have actual notice of the government's intention to seek enhanced penalties. Upon review we conclude that the district judge erred and we reverse and remand.
 
 I.
 
 2
 As a preliminary matter we must first consider a jurisdictional issue raised by the defendant. The defendant contends that there is no authority for the government to appeal from an order dismissing a dangerous special offender proceeding as was done here. The government's response is that 18 U.S.C. Sec. 3576 provides the necessary authority. That section reads in pertinent part:
 
 
 3
 With respect to the imposition, correction, or reduction of a sentence after proceedings under section 3575 of this chapter, a review of the sentence on the record of the sentencing court may be taken by the defendant or the United States to a court of appeals.... The taking of a review of the sentence by the United States shall be deemed the taking of a review of the sentence and an appeal of the conviction by the defendant. Review of the sentence shall include review of whether the procedure employed was lawful, the findings made were clearly erroneous, or the sentencing court's discretion was abused.
 
 
 4
 Like other parts of the DSO procedure, section 3576 is not entirely free of ambiguity. It does not expressly address the precise question raised here. However, there is precedent in this circuit for entertaining an appeal which involves other than the sentence actually imposed. In United States v. Stewart, 531 F.2d 326 (6th Cir.) cert. denied, 426 U.S. 922 (1976), the government appealed from a dismissal of a DSO sentencing procedure which was dismissed when the district court ruled the DSO statute unconstitutional. Although it is not clear that in Stewart the defendant challenged the government's right to appeal, there is, nonetheless, language in Stewart broad enough to encompass the situation with which we deal here. In discussing section 3576 the court stated:
 
 
 5
 It should be emphasized that the appeal provided by this language is not restricted to a review of abuse of the discretion of the District Judge. Although in an appellate proceeding the reviewing court would give serious consideration to the judgment of the trial court, the statutory power to vacate or modify is unrestricted.
 
 
 6
 Id. at 331.
 
 
 7
 We feel comfortable in concluding that if Congress gave the government the right to appeal an enhanced sentence deemed too lenient, it certainly intended the government to have the right to appeal a refusal of the district court to even consider an enhanced sentence.
 
 II.
 
 8
 Turning now to the primary issue on appeal, a brief review of the facts is helpful. Simmons was indicted by a federal grand jury on June 25, 1986, for violation of 18 U.S.C. app. Sec. 1202(a)(1), felon in possession of a firearm. On July 8, 1986, the government filed its notice specifying defendant as a dangerous special offender. Accompanying the notice was a motion to seal. A certificate of service by mail was attached to the notice which stated that it had been mailed to defendant's attorney of record. An order to seal was subsequently entered.
 
 
 9
 A jury trial was held in this matter on September 23, 1986. A verdict of guilty was returned the following day. On October 2, 1986, the government filed a motion to unseal the notice specifying defendant as a dangerous special offender. Additionally, on October 28, 1986, the government filed a request for a ten-day notice of sentencing date.
 
 
 10
 On November 20, 1986, defendant filed a motion and answer to the government's notice of intention to prosecute defendant as a dangerous special offender and its request for an evidentiary hearing. In his answer, defendant alleged that he had not received a copy of the government's notice until two weeks after trial. It was also stated that counsel had made several pre-trial and post-trial attempts to locate with the clerk of the court any such filings, but was unable to do so.[2]
 
 
 11
 The trial court held a hearing on this matter on December 10, 1986. At the hearing the trial judge accepted as true, without objection of either party, that the government had, in fact, mailed the notice to defense counsel and that defense counsel, in fact, had not received it. Thus, we are faced with a situation in which the government literally complied with the statute but yet the defendant never knew that he faced an enhanced sentence until his trial was over. Faced with this dilemma the trial judge concluded that the defendant was entitled to actual notice before trial whether that notice was accomplished by personal service or in some other manner. The trial court rejected the argument made by the government that its compliance with Fed.R.Crim.P. 49(b) and Fed.R.Civ.P. 5(b) was all that was required.[3]
 
 
 12
 In reaching his conclusion the trial judge relied heavily on United States v. White, 748 F.2d 257 (5th Cir.1984), and United States v. Darby, 744 F.2d 1508 (11th Cir.1984), cert. denied sub nom., Yamanis v. United States, 471 U.S. 1100 (1985). Neither case involved the issue raised here, and although the cases are not totally inapposite, we find the reliance by the court on these cases to be misplaced.
 
 
 13
 In White, the defendant was tried twice as a result of an appellate reversal of his first conviction. Before the first trial the government had properly filed a DSO designation. Before the second trial the government simply informed the defendant orally of the DSO designation. The defendant was again convicted at the second trial and on appeal challenged the oral notification of his DSO designation. The Fifth Circuit concluded that, although the better practice would have been for the government to refile formally before the second trial, the enhanced sentence would be sustained since the defendant "received actual and adequate notice of [the prosecution's] intent to seek an enhanced sentence." White, 748 F.2d at 260. Clearly, the case does not stand for the proposition that actual notice is required but, rather, that under these circumstances actual notice would serve as a substitute for the preferred formal filing.
 
 
 14
 In Darby the question was whether the formally filed DSO notice under 21 U.S.C. Sec. 849(a) was filed "a reasonable time before trial," the same requirement contained in section 3575. The notice had been filed the last working day before jury selection. In upholding the reasonableness of the filing, the Eleventh Circuit considered the fact that the defendant had actual notice before the formal filing that the prosecution would seek a DSO designation. The court looked to what prejudice, if any, the defendant had suffered and concluded that "even though actual knowledge is no substitute for the requisite filing, to the extent that it reduces prejudice, it suggests that the interval between filing and trial was not unreasonable." 744 F.2d at 1534.
 
 
 15
 Although Darby is not an analogue for the proposition that actual notice is required, it is not without value insofar as resolving this issue is concerned. The main focus in Darby was on prejudice to the defendant. Finding none, the court upheld the enhanced sentence. We think the prejudice inquiry is the appropriate one, and it is the lack of consideration of this issue below that compels us to reverse and remand. Stated another way, we reject any type of per se rule to the effect that actual notice is always required. When the government followed the statutory procedures as they did here and the lack of notice to the defendant was not in any way the fault of the government, the defendant must demonstrate prejudice to prevail in a challenge to the DSO procedures.
 
 
 16
 REVERSED and REMANDED for consideration of the prejudice issue.
 
 
 
 [1]
 18 U.S.C. Sec. 3575(a) reads:
 (a) Whenever an attorney charged with the prosecution of a defendant in a court of the United States for an alleged felony committed when the defendant was over the age of twenty-one years has reason to believe that the defendant is a dangerous special offender such attorney, a reasonable time before trial or acceptance by the court of a plea of guilty or nolo contendere, may sign and file with the court, and may amend, a notice (1) specifying that the defendant is a dangerous special offender who upon conviction for such felony is subject to the imposition of a sentence under subsection (b) of this section, and (2) setting out with particularity the reasons why such attorney believes the defendant to be a dangerous special offender. In no case shall the fact that the defendant is alleged to be a dangerous special offender be an issue upon the trial of such felony, be disclosed to the jury, or be disclosed before any plea of guilty or nolo contendere or verdict or finding of guilty to the presiding judge without the consent of the parties. If the court finds that the filing of the notice as a public record may prejudice fair consideration of a pending criminal matter, it may order the notice sealed and the notice shall not be subject to subpoena or public inspection during the pendency of such criminal matter, except on order of the court, but shall be subject to inspection by the defendant alleged to be a dangerous special offender and his counsel.
 
 
 [2]
 It is not clear from the record whether the defendant's attorney was unable to inspect the filed copy in the clerk's office as a result of an error or whether the clerk office's had a policy of not making these documents available. If the latter, we note our disapproval of a practice not in conformity with the applicable statute
 
 
 [3]
 Fed.R.Crim.P. 49(b) reads:
 (b) Service: How Made. Whenever under these rules or by an order of the court service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party personally is ordered by the court. Service upon the attorney or upon a party shall be made in the manner provided in civil actions.
 Fed.R.Civ.P. 5(b) reads:
 (b) Same: How Made. Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party is ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to the attorney or party or by mailing it to the attorney or party at the attorney's or party's last known address or, if no address is known, by leaving it with the clerk of the court. Delivery of a copy within this rule means: handing it to the attorney or to the party; or leaving it at the attorney's or party's office with a clerk or other person in charge thereof; or, if there is no one in charge, leaving it in a conspicuous place therein; or, if the office is closed or the person to be served has no office, leaving it at the person's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein. Service by mail is complete upon mailing.